IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS L. BRAUN, and
CATHY A. BRAUN,

        Plaintiffs,

vs.                                            No. 09-1134-JTM

T-N-T ENGINEERING, INC.,

        Defendant.

O R D E R

This matter is before the court on plaintiffs Thomas L. Braun's and Cathy A. Braun's ("Brauns") Motion to Dismiss Without Prejudice. (Dkt. No. 12). Defendant T-N-T Engineering, Inc. ("TNT"), filed a Response. (Dkt. No. 13).

The plaintiffs, Ellis County, Kansas residents, filed this action in Ellis County District Court against TNT, a Texas corporation authorized to do business in Kansas. The Brauns allege TNT was negligent in the placement of its oil storage facility on their property and they suffered damage in excess of $75,000.

On May 6, 2009, TNT filed a notice of removal on the basis of diversity jurisdiction, as the matter in controversy exceeded $75,000 and was between Kansas residents and a Texas corporation. (Dkt. No. 1), and two days later TNT filed its answer. On May 18, 2009, the United States Magistrate Judge entered an order for a June 25, 2009, scheduling conference. (Dkt. No. 5). The Brauns filed a motion to amend their petition to change their claim for damages to a sum of $70,000 on June 3, 2009. (Dkt. No. 6). They also sought remand of the litigation from federal court back

to state court. (Dkt. No. 8). The magistrate judge cancelled the June 25, 2009, scheduling conference pending a ruling on the motion to remand. (Dkt. No. 9). TNT filed a response requesting the Court to deny the motion to remand. (Dkt. No. 10).

The Brauns filed a motion to dismiss without prejudice on July 1, 2009. (Dkt. No. 12). TNT filed a response requesting the Court to deny the motion to dismiss or in the alternative to condition any dismissal on plaintiffs' payment of defendant's costs and attorney's fees incurred. (Dkt. No. 13).

Rule 41(a)(2) governs when a court may grant a dismissal without prejudice sought by the plaintiffs after the defendants have answered. It provides in part as follows:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms the court consider proper. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2)

The Tenth Circuit has addressed the appropriate standard to be applied to voluntary dismissals under Rule 41(a)(2) after the opposing party has filed an answer:

> Dismissal under Rule 41(a)(2) is within the sound discretion of the court. In exercising that discretion, the purposes of Rule 41(a)(2) must be taken into account. That rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.
> . . .The factors the district court should consider in determining the legal prejudice the opposing party will suffer if a motion to dismiss without prejudice is granted include the opposing party's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the movant in prosecuting the action, and insufficient explanation for the need to take a dismissal.

*Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993) (citations and quotations omitted).

Since the defendant has served its answer, the plaintiffs must look to Rule 41(a)(2).  A dismissal without prejudice under Rule 41(a)(2) depends on the district court's discretion and the movant's acceptance of any proper terms and conditions set by the district court.  *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *Wimber by and through Wimber v. Department of S.R.S.*, 156 F.R.D. 259, 261 (D. Kan. 1994).  The district court should exercise that discretion mindful of the purposes of Rule 41(a)(2).  *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).  "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in light of the valid interests of the parties.'"  *Id.* at 1411 (quoting *Barber v. General Electric Co.*, 648 F.2d 1272, 1275 (10th Cir. 1981)).

Some of the factors a court should consider to determine whether a defendant would suffer legal prejudice include: 1) defendant's effort and funds expended toward preparation for trial; 2) plaintiff's undue delay or lack of diligence in prosecuting the action; 3) the adequacy of the plaintiff's explanation for needing the dismissal.  *Clark v. Tansy*, 13 F.3d at 1411; *Kovalic v. DEC International, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988). Other relevant factors are the plaintiff's diligence in moving to dismiss, the present stage of litigation, and duplicative expenses involved in a likely second lawsuit.  *Zagano v. Fordham University*, 900 F.2d 12, 14 (2nd Cir.), *cert. denied*, 498 U.S. 899 (1990).  These lists of factors serve as a guide in the court's exercise of discretion, it "'is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate.'"  *Kovalic*, 855 F.2d at 474 (quoting *Tyco Laboratories, Inc. v. Kippers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980)).

The plaintiffs allege they want to dismiss this action without prejudice and refile in state court an action pleading damages less than the minimum amount required for federal diversity

jurisdiction. There is no dispute this case is in the preliminary stages of litigation, and the plaintiffs were diligent in seeking dismissal. Even so, the defendant requests the court to deny the motion because "[o]ne of the two parties will be forced to bear the burden of litigating this case in an inconvenient forum." (Dkt. No. 14 at 1). TNT argues it has experienced prejudice based on the time and money expended removing the case to federal court, and if the case is refiled in state court "[d]efendant's counsel will be forced to travel approximately six hours for each and every court appearance." (Dkt. No. 14 at 5). TNT alternatively argues that the Court should "require Plaintiffs to pay the reasonable costs Defendant has incurred to remove this case and respond to Plaintiffs' procedural jockeying." (Dkt. No. 14 at 6).

The Court finds the weight of the factors clearly favor the Brauns. TNT did not expend any effort or funds in preparation for trial. There is no evidence the Brauns were not diligent in prosecuting this action. They seek to return to the state forum where they originally filed this action, and were diligent in filing their motion to dismiss before either side had attempted discovery or invested substantial time in federal court procedures. Based on the early stages of this case, it is unlikely there will be any significant expenses duplicated by a second suit filed in state court.

TNT did not allege any facts or circumstances surrounding the dismissal that warrant a finding of legal prejudice or imposition of any terms or conditions to the order of dismissal. The defendant contends it detrimentally relied on the plaintiffs' initial pleading, and expended time and money removing this case. It is true the case could not have been removed if the plaintiffs kept their prayer for damages below the jurisdictional amount, however, the court does not find TNT's reliance results in legal prejudice or requires a condition placed on the dismissal. "Plaintiffs' initial prayer for damages included expenses to replace damaged trees with mature trees of the same height.

Plaintiffs' amended prayer has reduced those costs to replace the damaged trees with less mature trees." (Dkt. No. 12 at 2). There is no evidence before the court that the Brauns improperly or excessively inflated their initial prayer.

TNT maintains its defense costs are higher if the case is prosecuted in Ellis County, Kansas. Further, it alleges "the [d]efendant will be prejudiced by the higher costs and burdens of its counsel's six hour round trips to court and back, and the inherent disadvantages of conducting a trial to a court and panel of jurors from [p]laintiffs' and [p]laintiffs' counsel's home county." (Dkt. No. 14 at 6). TNT benefits from the dismissal as it will defend against a lower prayer in the second suit. Furthermore, TNT did not provide an estimate of the difference in costs, or authority to support its assertion that there is "inherent disadvantages of conducting a trial to a court and panel of jurors from [p]laintiffs' and [p]laintiffs' counsel's home county."

The possibility that plaintiffs may gain some tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice. *American Nat. Bank*, 931 F.2d at 1412 (10th Cir. 1991)(citations omitted). It is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiffs' only motive is to recommence the action in state court. *Id.* at 1413(citations omitted). The court finds no basis in fact or law for denying the plaintiffs' motion to dismiss or conditioning dismissal upon payment of TNT's costs.

IT IS ACCORDINGLY ORDERED this 25th day of September, 2009, that the plaintiffs' Motion to Dismiss Without Prejudice (Dkt. No. 12) is hereby granted, and the defendant's request for conditions is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE

5